**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-08-1377-PHX-JAT |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Melvin Nash; Mason Henry, ) | |
| Defendants. ) | |

Pending before the Court is Defendant Nash's motion to suppress the eyewitness identifications of him based on his argument that the photo-line-up procedure was impermissibly suggestive.

**I.  Background**

Defendant Nash is charged with multiple crimes including murder, brandishing and discharging a firearm in relation to a crime of violence, felony murder as part of a robbery, and conspiracy to commit murder. Doc. #1. He has pled not guilty. Prior to his arrest, two eyewitnesses were shown photo-line-ups and both selected Defendant Nash out of their respective line-ups. (*See* Doc. #49, Ex. A & B for each photo-line-up.)[1] Defendant Nash moved to suppress both the out-of-court identification of himself and any prospective in-court-identification of himself by either of the two eyewitness because the photo-line-ups

---

[1] Each eyewitness was shown a slightly different photo-line-up. Each photo-line-up contained the same pictures, but in a different order. Mr. Nash was #5 in Exhibit A and #3 in Exhibit B.

were impermissibly suggestive. The Court held a hearing on this motion on July 14, 2009. At the hearing, Defendant Nash withdrew the portion of his motion related to the in-court identifications. Specifically, Defendant Nash stipulated that even if the out-of-court identifications of him were suppressed, the eye-witnesses could still make an in-court identification of him.[2]

## II. Out-of-court identification

If a pretrial identification procedure is so impermissibly suggestive that it results in a "likelihood of misidentification," that procedure violates the defendant's right to due process. *U.S. v. Montgomery*, 150 F.3d 983, 992 (9th Cir. 1998). The Court should exclude from trial a pretrial identification procedure, "only if the pretrial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Id.* at 992 (internal quotations omitted). "An identification procedure is suggestive when it emphasizes the focus upon a single individual thereby increasing the likelihood of misidentification." *Id.* (internal quotations omitted). However,

> "[T]he fact that a suspect's photograph is distinguishable on the basis of one physical characteristic does not necessarily require suppression of a subsequent identification. *See, e.g., United States v. Bubar*, 567 F.2d at 198-99 (photo array not suggestive where, inter alia, appellant's photograph showed, longer, darker hair and a darker bushier mustache than the other photos); *Cronnon v. Alabama*, 587 F. 2d 246, 249-50 (5th Cir. 1979) (petitioner's photograph was the only one of six photographs which depicted an individual with blonde hair)."

*Heggs v. Harris*, 1984 WL 361, *3 (S.D.N.Y 1984).

In this case, Defendant argues that his photograph is the only one with facial hair, his photograph shows darker skin that the other photos, and his photograph is the only one with long hair. Starting with the facial hair, the Court disagrees. At most Defendant Nash's photograph shows slight growth of a mustache, not significant facial hair. Further, having

---

[2] Thus, Defendant Nash conceded that any in-court-identification would be sufficiently reliable to be admitted into evidence. *See, e.g., U.S. v. Montgomery*, 150 F.3d 983, 993 (9th Cir. 1998).

reviewed the original color photos admitted at the hearing, the Court finds that five of the six photos show an individual with slight growth of a mustache. Government's Exhibit 4.

Next, considering the skin color, looking at Defendant's Exhibit of the photographs (Doc. #46, Ex. A) Defendant's statement that he has darker skin than all the other photographs appears to be true. However, looking at the Government's copy of the photographs (Doc. #49, Ex. A & B), 5 of the 6 photos have very similar skin color, and the sixth is only slightly lighter. Most importantly, looking at the original color photographs admitted into evidence at the hearing (Government's Exhibits 4 and 5), which were the actual photographs shown to the eye witnesses, Defendant's assertion is factually wrong. All of the pictures are of individuals with light brown skin color. Further, Defendant has neither the darkest nor the lightest skin of the photographs. Therefore, the Court finds that there was nothing impressibly suggestive in the line-up based on skin color.

Finally, the Court turns to Defendant's assertion that he is the only individual pictured with long hair. The definition of "long hair" varies among individuals. In the Court's opinion, three of the photographs show an individual with long hair. However, there is no question that Defendant has the longest hair of any of the individuals displayed. Thus, similar to the New York case quoted above, the Court must determine whether a distinction based on this one physical characteristic makes the photo-line-up impermissibly suggestive.

In considering this one distinguishing characteristic, the Court notes that in many other respects the photos are very similar. For example, all of the photographs depict men who appear to be the same age and of the same ethnicity. They appear to all have the same hair color. As far as can be told from a photo, they seem to be of similar builds. Finally, they have similar general appearances (meaning none has any noticeable scars, tattoos, piercings or other distinguishing features).

As to unique hair, the Second Circuit Court of Appeals addressed the question of when a photo array showed only one man with different hair and different skin color in *United States v. Eltayib*, 88 F.3d 157, 166 (2d Cir. 1996). The Court held that the photo

identification had to be excluded at trial when the perpetrator was described as having, "a head full of hair, real bushy hair, afro-type hair" and only one person in the photo-line-up had hair of this type (all the other photos had the hair cut off). *Id.* However, the Court of Appeals noted that the witness could only identify the individual by his hair, and "[e]ven when pressed, [the witness] could not describe any features of the man's face." *Id.*

Thus, while unique hair can be a basis to preclude an out-of-court identification, in this case, based on the recounting of the eye-witnesses statements in the Government's motion (the content of which testimony the Defendant stipulated-to at the hearing in lieu of calling the witnesses), neither witness relied on hair as the identifying feature. Specifically, eyewitness Demarc said that the suspect was Native American and that she remembered his eyes and his face. Eyewitness Dodd said the suspect was Native American. Therefore, this case is distinguishable from the Second Circuit case because neither eyewitness was relying on the hair length as the basis for identification and the hair lengths in this case were not as different as the photo array viewed by the Second Circuit Court of Appeals.

Accordingly, on this record, the Court finds that the one distinguishing characteristic of the photos, somewhat longer hair on the defendant than the other photos, is not so impermissibly suggestive as to require the exclusion of the out-of-court identification at trial.

**III. Conclusion**

Based on the foregoing,

IT IS ORDERED that Defendant's motion to suppress the photo identification (Doc. #46) is denied.

DATED this 23rd day of July, 2009.

_____
James A. Teilborg
United States District Judge