**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-08-1377-PHX-JAT |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Melvin Nash; Mason Henry, | ) | |
| Defendants. | ) | |

Pending before the Court is Defendant Henry's Motion to Sever his trial from the trial of Defendant Nash. Defendant Henry argues three reasons for severance: 1) that the co-defendant's statement incriminates Mr. Henry while depriving him of his right to cross-examine the co-defendant; 2) there is substantially more evidence against the co-defendant; and 3) the two defendants' defenses will be mutually antagonistic. The Government responds and argues that severance is not warranted in this case, but concedes that some of the co-defendant's statements will have to be redacted consistent with *Bruton v. United States*, 391 U.S. 123 (1968).

**I.  Background**

In this case, the two co-defendants are charged with multiple crimes including murder, brandishing and discharging a firearm in relation to a crime of violence, felony murder as part of a robbery, and conspiracy to commit murder. Doc. #1. Both defendants have pled not guilty.

## II. Severance.

Joinder in a criminal case is preferred in the interest of judicial efficiency and economy. *See United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991). However, "[i]f the joinder of offenses or defendants . . . for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). This Court has discretion to sever under Rule 14(a) and the Court's discretion shall be upheld unless a "'joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion [on the motion to sever] in but one way, by ordering a separate trial.'" *United States v. Johnson*, 297 F.3d 845, 855 (9th Cir. 2002) (brackets in original) (quoting *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999) (superceded by regulation on other grounds). "To warrant severance, a defendant must demonstrate clear, manifest or undue prejudice resulting from joinder. Merely suggesting, or even demonstrating, a comparative advantage in separate trials . . . does not entitle a coconspirator to severance." *United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988) (internal citation omitted).

"It is insufficient to show that separate trials might have afforded an increased chance of acquittal." *Johnson*, 297 F.3d at 855. "Rather, [the movant] must demonstrate that the joint trial impinged on a fundamental trial right or compromised the fairness of the proceedings in a tangible way." *Hanley*, 190 F.3d at 1027. The movant is required to demonstrate manifest prejudice with "sufficient particularity" and it is not enough to show that the movant is charged with fewer offenses than a codefendant or that a disproportionate amount of the trial evidence will be introduced against a codefendant. *Id.*

Even where there is the possibility of prejudice, the "'risk of prejudice posed by joint trials can be cured by proper jury instructions.'" *Hanley*, 190 F.3d at 1027 (quoting *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998)). Accordingly, a defendant who seeks severance "based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *Id.* (internal

quotations omitted).

The Court has considered Defendant Henry's first two arguments regarding why his trial should be severed from his co-defendant's trial and does not find either argument justifies severance. Thus, the Court will now consider his argument that he and Defendant Nash's defenses will be mutually antagonistic.

> A criminal defendant is entitled to a separate trial on the ground of mutually antagonistic defenses only if "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *Mayfield*, 189 F.3d at 899 (citation and internal quotation marks omitted).

*U.S. v. Hanley,* 190 F.3d at 1028. "The prototypical example is a trial in which each of the two defendants claims innocence, seeking to prove instead that the other committed the crime." *Tootick*, 952 F.2d at 1081 (internal quotations omitted).

Here, Defendant Henry argues that he and Defendant Nash's defenses are mutually antagonistic because Defendant Henry will argue at trial that Defendant Nash alone killed the victim. The Government argues that Defendant's generalized assertion that the defenses will be antagonistic is speculation and insufficient to justify severance. However, at the hearing the Government conceded that mutually antagonist defenses was a real possibility in this case.

The difficulty in deciding this Motion at this time is that, while Defendant Henry's argument will be that Defendant Nash acted alone, the Court is unclear what Defendant Nash's defense will be. Thus, based on Defendant Henry's assertions it would appear that Defendant Nash might have an argument for severance based on mutually antagonistic defenses; however, it is not clear that Defendant Henry will. At the hearing, Defendant Nash stated it was too early to evaluate his position on severance. Further, Defendant Henry and the Government both noted at the hearing that the need for severance can be raised at any time, including during trial, potentially necessitating a mistrial for both Defendants.

Of course the Court seeks to promote judicial efficiency and economy which generally weighs on the side of a joint trial. However, a mistrial and re-trial of both Defendants due

to a late-raised severance issue is clearly inefficient. Weighing this possibility and given Defendant Henry's intention to argue a position that, if believed, would preclude the acquittal of Defendant Nash, the Court will exercise its discretion and sever the trials of Defendants Nash and Henry.

### III. Trial dates

Both Defendants are set to start trial on August 13, 2009. The Court will proceed with the trial of Defendant Nash first. In the event Defendant Nash decides, by the noon August 7, 2009 plea cut-off deadline to enter a plea, the Court will proceed on August 13, 2009 with the trial of Defendant Henry. In the event Defendant Nash does not choose to enter a plea, Defendant Henry's trial will begin immediately upon the conclusion of Defendant Nash's trial, which at this time the Court estimates will be approximately September 3, 2009. Defendant Henry's counsel is encouraged to call chambers to determine what the exact start date for his trial will be.

The Court recognizes that Defendant Henry's counsel raised several state court potential trial conflicts. However, by this Court's calculation, Defendant Henry's speedy-trial deadline is September 7, 2009. There is no motion to continue that would exclude time currently pending. Therefore, Defendant Henry should anticipate starting trial on either August 13, 2009 or approximately September 3, 2009. If Defendant Henry's counsel chooses to seek a continuance, he should articulate all of his conflicts, the filing date of those cases, and the dates on which the trial dates were set in those cases. He should also propose a realistic trial date on which he will definitely be available for the trial in this case. Finally, the Court may wait to rule on any to-be-filed motion to continue until closer to the trial date, so the Court can confirm that none of the cases that currently appear to be a conflict have been continued.

/ / /

/ / /

/ / /

**IV.  Conclusion**

**IT IS ORDERED** that the motion to sever (Doc. #47) is granted.

DATED this 23rd day of July, 2009.

_____
James A. Teilborg
United States District Judge