WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mason James Henry,<br><br>　　　　　Defendant. | No. CR-08-1377-002-PHX-JAT<br><br>**ORDER** |

    Pending before the Court is Defendant Mason James Henry's Pro Se Motion for a Reduction of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2). (Doc. 151). Defendant requests a sentence reduction under recent United States Sentencing Guidelines ("U.S.S.G.") Amendment 821. (*Id.*). The Motion was reviewed by a Federal Public Defender ("FPD") in accordance with General Order 23-20 (November 8, 2023). On April 26, 2024, the FPD filed a notice indicating that she would not supplement Defendant's pro se filing.[1] (153). Thereafter Probation filed a memorandum. (Doc. 154).[2]

**I. BACKGROUND**

    On December 22, 2009, Defendant was sentenced pursuant to a plea agreement. (Docs. 108-110). Consistent with the plea agreement (Doc. 109), this Court sentenced Defendant to 300 months of imprisonment (followed by supervised release) (Doc. 110).

---

[1] It does not appear from the record that a copy of this notice was sent to the Defendant, pro se.

[2] This document was not served on anyone through the court's electronic filing system. Probation noted on the memorandum that it provided a copy to a federal public defender and an assistant United States Attorney, neither of whom are counsel of record in this case.

## II. DISCUSSION

Defendant is not eligible for a reduction of sentence in this case because, to be eligible, USSG 4C1.1(a)(4) requires that, "the offense did not result in death or serious bodily injury…." In this case, Defendant was convicted of second-degree murder, which disqualifies him from a reduction.[3]

Accordingly,

**IT IS ORDERED** denying Defendant's Motion for a Reduction of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2) (Doc. 151).

Dated this 9th day of September, 2024.

*[signature]*
James A. Teilborg
Senior United States District Judge

---

[3] Additionally, in his plea agreement, Defendant expressly waived his right to collaterally attack his sentence. (Doc. 109 at 4, lines 1-11). Thus, alternatively, because Defendant waived the right to file the currently pending motion, relief is denied. *See United States v. Villa-Luna*, No. CR-17-1764-01-TUC-CKJ, 2024 WL 1240289, at *2 (D. Ariz. Mar. 22, 2024) ("The Court finds, therefore, Villa-Luna has waived the right [to] request a reduction of sentence based on the amended guidelines regarding zero criminal history points."); *United States v. Fernandez*, No. CR-21-0955-01-PHX-DLR, 2024 WL 915247, at *1 (D. Ariz. Mar. 4, 2024) (same); *United States v. Maldonado*, No. CR-22-0890-01-TUC-DLR, 2024 WL 915223, at *1 (D. Ariz. Mar. 4, 2024) (same).